# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | |
|---|---|
| TIMOTHY BROWN, Individually and on Behalf of Others Similarly Situated, | **Case No: 7:19-cv-223** |
| v. | Collective Action (29 U.S.C. § 216(b)) |
| LIGHTNING OILFIELD SERVICES, INC. | Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Lightning Oilfield Services, Inc. (Lightning) does not pay its "Truck Pushers" overtime as required by the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act (NMMWA).

2.      Instead, Lightning pays its Truck Pushers an hourly rate, a maximum "daily" rate, or some combination of the two, for all time worked in a week (regardless of the overtime hours worked).

3.      Lightning's pay plan violates the FLSA and NMMWA because its Truck Pushers are owed overtime for hours worked in excess of 40 in a week.

4.      Timothy Brown (Brown) brings this action to recover the unpaid overtime wages and other damages owed to him and Lightning's Truck Pushers.

### JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6.      The Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Lightning maintains corporate and field offices in this District.

## THE PARTIES

8.     Brown works for Lightning as a "Truck Pusher."

9.     Brown's consent to be a party plaintiff is attached.

10.    Brown brings this action on behalf of himself and all other Lightning Truck Pushers who were paid according to Lightning's non-salaried pay plan.

11.    The class of similarly situated employees (the "Truck Pushers") consists of:

**All Truck Pushers employed by Lightning in the past 3 years.**

12.    Lightning is a Texas corporation with its principal place of business in Texas.

13.    Lightning maintains a corporate office and a field office in Midland, Texas through which it regularly transacts business.

14.    Brown reported to this office during his employment.

15.    Lightning may be served by serving its registered agent for service of process: Mark S. Waddell, 11830 N. Saginaw Blvd., Fort Worth, Texas 76179 or at any other place where Mark S. Waddell may be found.

## FLSA COVERAGE

16.    For at least the past 3 years, Lightning has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17.    For at least the past 3 years, Lightning has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

18.    For at least the past 3 years, Lightning has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

19.    Lightning has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including forklifts, cranes, pole trucks, winch trucks, long-haul trucks, and trucking equipment, etc.) that have been moved in or produced for commerce.

20.    Further, Lightning's annual gross volume of sales has exceeded $1,000,000 in each of the past 3 years.

21.    For at least the past 3 years, Brown and the Truck Pushers were engaged in commerce or in the production of goods for commerce.

22.    Lightning treated all its Truck Pushers (including Brown) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

### FACTS

23.    Lightning provides transportation services to the oil and gas industry.[1]

24.    Lightning assists companies in the oil and gas industry with rig moves, crane rentals, pole trucks, winch trucks, heavy haul trucks and other related services.[2]

25.    In May of 2017, Brown began working for Lightning in Texas and New Mexico as a Truck Pusher.

26.    Brown is generally responsible for ensuring the trucking process is executed in a safe and efficient manner, assigning trucks to be used with each load, ensuring that all personnel are

---

[1] https://lightningos.com/
[2] https://lightningos.com/services/

properly trained to operate equipment in accordance with established policies and procedures, coordinating rig moves, and facilitating communication between the truck operators.

27.    Brown regularly receives his work assignments from Lightning's Midland office.

28.    Brown typically works 12 to 18 hours per day, for 14 days on, 7 days off.

29.    As such, Brown typically works 80+ hours per week during duty weeks.

30.    In general, Lightning pays Brown a set amount for each day worked in the field.

31.    Lightning, however, does not guarantee Brown any minimum pay per week (or even per day).

32.    Indeed, Brown earns as little as $20 per hour for certain non-field work activities.



33.    Even Brown's alleged "day rate" is subject to reduction based on the number of hours he works.

34.    For example, in the pay-period reflected on the attached paystub, Brown was credited with working "3.**3**" days and was paid 1/3 of his day rate (or $400) for that partial "day."

35.    Although he often works 80+ hours in a workweek, Lightning never pays Brown any overtime for hours worked in excess of 40 in a workweek.

36.    All Lightning's Truck Pushers perform duties similar Brown's job duties.

37.    Lightning's Truck Pushers all work hours similar to Brown's.

38.    Lightning schedules its Truck Pushers for daily shifts of 12 to 18 hours, for periods of 14 days on, 7 days off.

39.     The Truck Pushers were denied overtime as a result of the same illegal pay plan.

40.     Instead of paying them overtime, Lightning pays the Truck Pushers on the same non-salaried basis as it paid Brown.

41.     Thus, Lightning failed to pay the Truck Pushers overtime as required by the FLSA.

## FLSA VIOLATIONS

42.     Lightning's pay plan violates the FLSA because Brown and the other Truck Pushers do not receive any overtime for hours worked over 40 hours each week.

43.     Lightning knew, or showed reckless disregard for whether, its illegal pay plan violated the FLSA.

44.     Lightning's failure to pay overtime compensation to the Truck Pushers was not based on any reasonable interpretation of the law.

45.     Nor was Lightning's decision not to pay overtime made in good faith.

46.     Accordingly, Brown and the Truck Pushers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

## NMMWA VIOLATIONS

47.     Lightning's plan violates the NMMWA (NMSA § 50-4-22) for the same reasons it violates the FLSA – Truck Pushers did not receive overtime for hours worked over 40 in a week.

48.     Because it employed Truck Pushers (including Brown) in New Mexico, Lightning was subject to the requirements of the NMMWA.

49.     Lightning employed Brown and other Truck Pushers in New Mexico as "employees" within the meaning of the NMMWA.

50.     The NMMWA requires employers like Lightning to pay employees at 1.5 times the regular rate of pay for hours worked in excess of 40 hours in any one week.

51.     Brown and all other Truck Pushers employed in New Mexico are entitled to overtime pay under the NMMWA.

52.     Brown and the other Truck Pushers employed in New Mexico are entitled to unpaid overtime equal to 1.5 times their regular rates of pay for hours worked in excess of 40 hours in each workweek, prejudgment interest, all available liquidated and/or penalty wages, and such other legal and equitable relief as the Court deems just and proper.

## COLLECTIVE ACTION ALLEGATIONS

53.     Numerous employees have been denied overtime by Lightning's non-salaried, no overtime pay plan.

54.     Lightning's express policies make it clear other Truck Pushers (in addition to Brown) were not paid overtime.

55.     These employees are similarly situated to Brown in terms of *relevant* job duties, pay provisions, and employment practices.

56.     Lightning's failure to pay overtime results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Truck Pushers.

57.     Thus, Brown's experiences are typical of the experiences of the Truck Pushers.

58.     The specific job titles or precise job locations of the various Truck Pushers do not prevent collective treatment.

59.     All Truck Pushers, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

60.     Brown demands a trial by jury.

## RELIEF SOUGHT

61.     Wherefore, Brown prays for:

(a)     an order allowing this action to proceed as a collective action and directing notice to the other Truck Pushers;

(b)     judgment finding Lightning in violation of the FLSA;

(c)     judgment finding Lightning in violation of the NMMWA;

(d)     judgment finding Lightning liable to Brown and the Truck Pushers for unpaid overtime, and an equal amount of liquidated damages;

(e)     judgment awarding Brown and the Truck Pushers reasonable attorney's fees and costs of this action;

(f)     judgment awarding Brown and the class members pre- and post-judgment interest at the highest rates allowed by law; and

(g)     such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____
        Richard J. (Rex) Burch
        Texas Bar No. 24001807
        Michael K. Burke
        Texas Bar No. 24012359
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mburke@brucknerburch.com

Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

- 7 -

## CONSENT TO JOIN WAGE CLAIM

Print Name: ___Timothy Brown_____

1. I hereby consent to participate in a collective action lawsuit against **Lightning Oilfield Services, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _____          Date Signed: __5/13/2019_____